State v. Kelly.

The rule that in describing an offence it is sufficient to use the words of the statute creating it is greatly misapplied and perverted when called in support of the indictment in the record before us. No one ever supposed that it meant to sanction an indictment charging one generally with the offence specified in the statute, without containing any particular act showing that the general provision has been violated. The rule means that the act, charged in the indictment as violating the general law, must be described by the words of the statute; as if the law forbade one to strike another, it would not do to charge in an indictment under it, that A. did beat C.; or if the law forbade any one to sell any particular thing, an indictment under it, that A. disposed of for money the thing prohibited, would be bad. The objection to this indictment is that it charges no particular act showing by its description in the words of the act that the general provision had been violated. What would be thought of an indictment charging one generally with the felonious stealing of horses? The selling of a gallon of liquor at one time, to be taken away or used in less quantities at the will of the purchaser, was an evasion of the law not to be tolerated.

Judges Napton and Ewing concurring, judgment will be reversed.

———•◦•———

THE STATE, Defendant in Error, v. KELLY, Plaintiff in Error.

1. State v. Cox, ante, p. 475, affirmed.

*Error to McDonald Circuit Court.*

*Payne*, for plaintiff in error.
*Knott*, (attorney general,) for the State.

SCOTT, Judge, delivered the opinion of the court.

For opinion, see the case of Cox v. State, decided at this term. Judgment reversed; Judges Napton and Ewing concurring.